FILED
05-30-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV003933
Honorable Gwen
Connolly-44
Branch 44

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

---

CAITLIN G. HAGNESS,
1139 East Kane Place, Apt A
Milwaukee, Wisconsin 53202,

    Plaintiff,

v.

CITY OF MILWAUKEE,
in care of: City Clerk's Office, City Hall
200 East Wells Street, Room 205
Milwaukee, Wisconsin 53202,

CITY OF MILWAUKEE POLICE DEPARTMENT,
c/o: Jeffrey B. Norman, Chief of Police
749 West State Street
Milwaukee, Wisconsin 53233, and

DESARAY LARSON,
5591 Dasher Avenue, Unit 102
Columbus, Ohio 43228, and

JOHN DOE OFFICER OF THE CITY OF
MILWAUKEE POLICE DEPARTMENT,
Current Employee Name Unknown
Current Employee Address Unknown,

    Defendants.

**COMPLAINT**

Case No.:

Case Code:  30107
Personal Injury - Other

---

**NOW COMES** the Plaintiff, CAITLIN G. HAGNESS, by her attorneys, J. Richard Law Offices, LLC and as for causes of action against the above-named parties, alleges and states to the Court as follows:

**PARTIES**

1.      That at all times material, the Plaintiff, CAITLIN G. HAGNESS (hereinafter "CAITLIN"), is an adult citizen of the State of Wisconsin residing at 1139 East Kane Place, Apt A, Milwaukee, Wisconsin 53202.

2.      The Defendant, CITY OF MILWAUKEE, is a municipal body, organized, existing and operating as a city, pursuant to the provisions of Wisconsin Statutes, in care of the City Clerk's Office, located at City Hall, 200 East Wells Street, Room 205, Milwaukee, Wisconsin 53202; that at all times material to this action and upon information and belief, the Defendant, CITY OF MILWAUKEE, is named a Defendant herein pursuant to the theory of *Respondeat Superior* in that it is liable for the acts of its employees, agents, and/or representatives herein, including the Defendant, JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT, who was in the course and scope of their employment with the Defendants, CITY OF MILWAUKEE, and CITY OF MILWAKEE POLICE DEPARTMENT, on or about May 31, 2020..

3.      That the Defendant, MILWAUKEE POLICE DEPARTMENT (hereinafter "MILWAUKEE POLICE"), is a governmental body, organized, existing and operating as a county, pursuant to the provisions of Wisconsin Statutes, in care of Patrick Mitchell as the Chief of Police, with its principal offices located at West Allis Police Department, 11301 West Lincoln Avenue, West Allis, Wisconsin 53227; upon information and belief; the Defendant, MILWAUKEE POLICE, is named a Defendant herein pursuant to the theory of *Respondeat Superior* in that it is liable for the acts of its employees, agents, and/or representatives herein, including the Defendant, JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT, who was in the course and scope of their employment with the Defendants, MILWAUKEE POLICE and CITY OF MILWAUKEE, on or about May 31, 2020.

4.     Upon information and belief, the Defendant, DESARAY LARSON, (hereinafter "LARSON") is an adult individual whose last known address is 5591 Dasher Avenue, Unit 102, Columbus, Ohio 43228.  Upon further information and belief, the Defendant, LARSON, was at all times material hereto in the course and scope of his employment as a police officer with the Defendants, CITY OF MILWAUKEE and MILWAUKEE POLICE, on or about May 31, 2020.

5.     That the Defendant, JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT (hereinafter "JOHN DOE OFFICER"), is upon information and belief an adult individual whose exact name and address are presently unknown to the Plaintiff, CAITLIN, and that in place of the actual name of the Defendant, a fictitious name is being used pursuant to § 807.12, Wis. Stats; that the Defendant, JOHN DOE OFFICER, who was in the course and scope of their employment with the Defendants, MILWAUKEE POLICE and CITY OF MILWAUKEE, on or about May 31, 2020.

## BACKGROUND FACTS

6.     The Plaintiff, CAITLIN, re-alleges and incorporates herein by reference paragraphs one through five (1 - 5) of this Complaint.

7.     That on May 31, 2020 at approximately 10:45 p.m., the Plaintiff, CAITLIN, was present at North Oakland Avenue at or near its intersection with East Newport Avenue in the Village of Shorewood, County of Milwaukee, State of Wisconsin (hereinafter "THE LOCATION"), and was carrying medical supplies and water during a peaceful protest when, after witnessing a friend being assaulted by a Milwaukee Police Department, said Plaintiff attempted to retrieve her friend's belongings for safekeeping, when she was forcibly and violently dragged and handled over the city line into the City of Milwaukee; where she was then detained, arrested, and transported by the Defendants, LARSON and/or JOHN DOE

OFFICER, who was in the course and scope of their employment with the Defendants, MILWAUKEE POLICE and CITY OF MILWAUKEE, and was cited for being in violation of the City's curfew.

8. That at all times material to this action, the Defendants, MILWAUKEE POLICE, CITY OF MILWAUKEE, LARSON, and JOHN DOE OFFICER (hereinafter "THE DEFENDANTS"), were occupying the City of Milwaukee's border with the Village of Shorewood..

9. The Plaintiff, CAITLIN, was not being disorderly before, during, or after her arrest.

10. The Plaintiff, CAITLIN, did not resist any officers.

11. The Plaintiff, CAITLIN, was dragged to the ground, beaten and sustained significant injuries to her knee during the arrest.

12. There was no medical, emergency or safety reasons that justified restrained and throwing the Plaintiff, CAITLIN, to the ground.

### FIRST CAUSE OF ACTION – FIRST AMENDMENT VIOLATION 42 U.S.C. SEC. 1983: AGAINST CITY OF MILWAUKEE, CITY OF MILWAUKEE POLICE DEPARTMENT, DESARAY LARSON, AND JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT

13. The Plaintiff, CAITLIN, realleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one through twelve (1 - 12) above with the same force and effect.

14. The First Amendment provides that all citizens have a right to hold and express their personal political beliefs.

15. Organized political protest is a form of "classically political speech." Boos v. Barry, 485 U.S. 312, 318 (1988).

16. The U.S. Supreme Court has repeatedly held that police may not interfere with orderly, non-violent protests merely because they disagree with the content of the speech or because the simple fear possible disorder because of "a profound national commitment to the principle that debate on public issues should be; uninhibited, robust and wide open. McCutcheon v. Fed. Election Comn, 572 U.S 203 (2014).

17. The arrest and citation of the Plaintiff, CAITLIN, is a content based or viewpoint-based restriction on speech.

18. The Plaintiff's, CAITLIN, arrest was a denial of her right to free speech.

19. THE DEFENDANTS' actions caused, directly and proximately, the Plaintiff, CAITLIN, to suffer damages.

## SECOND CAUSE OF ACTION – 42 U.S.C SEC. 1983 FIRST AMENDMENT VIOLATION {EXCESSIVE FORCE AND ARREST) AGAINST CITY OF MILWAUKEE, CITY OF MILWAUKEE POLICE DEPARTMENT, DESARAY LARSON, AND JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT

20. The Plaintiff, CAITLIN, realleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one through nineteen (1 - 19) above with the same force and effect.

21. The Plaintiff, CAITLIN, was engaged in/assisting those engaged in political speech protected by the First Amendment.

22. The Plaintiff, CAITLIN, was forcibly dragged over the border into the City of Milwaukee, pulled and thrown to the ground by the Defendants, LARSON and JOHN DOE OFFICER.

23.     These actions were taken to stop her from protesting/assisting in protesting police violence, free from danger, as those terms are defined in Wis. Stats. § 101.01.

24.     The Plaintiff, CAITLIN, was subjected to excessive force by the Defendants, LARSON and JOHN DOE OFFICER, on the basis of her political expression.

25.     Such force was used for the specific purpose of denying Plaintiff the opportunity to engage in political protest.

26.     The Defendants', LARSON and JOHN DOE OFFICER, actions caused, directly or proximately, the Plaintiff, CAITLIN, to suffer damages.

**THIRD CAUSE OF ACTION – 42 U.S.C SEC. 1983 FIRST AMENDMENT VIOLATION (EXCESSIVE FORCE 4TH AND 14TH AMENDMENTS) AGAINST CITY OF MILWAUKEE, CITY OF MILWAUKEE POLICE DEPARTMENT, DESARAY LARSON, AND JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT**

27.     The Plaintiff, CAITLIN, realleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one through twenty-six (1 - 26) above with the same force and effect.

28.     At all relevant times herein, the Defendants, LARSON and JOHN DOE OFFICER, were persons for purposes of 42 U.S.C. SEC 1983 and acted under color of state law to deprive the Plaintiff, CAITLIN, of her constitutional rights.

29.     The Defendants, LARSON and JOHN DOE OFFICER, used objectively and unreasonable excessive force against the Plaintiff, CAITLIN, and she was ultimately arrested and cited for a violation of Milwaukee curfew even though she was in the City of Shorewood. The Defendants, LARSON and JOHN DOE OFFICER, forcibly carried said Plaintiff over the border into the City of Milwaukee cause her injuries.

30. At all times relevant to this Complaint, THE DEFENDANTS were acting under color of state law.

31. THE DEFENDANTS' actions violated the 4th and 14th Amendments, as the Plaintiff, CAITLIN, at all material times, was a detainee, and not a prisoner.

32. THE DEFENDANTS' actions caused the Plaintiff, CAITLIN, damages.

## FOURTH CAUSE OF ACTION – 42 U.S.C SEC. 1983 CRUEL AND UNUSUAL PUNISHMENT AGAINST CITY OF MILWAUKEE, CITY OF MILWAUKEE POLICE DEPARTMENT, DESARAY LARSON, AND JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT

33. The Plaintiff, CAITLIN, realleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one through thirty-two (1- 32) above with the same force and effect.

34. THE DEFENDANTS, engaged in cruel and unusual punishment by dragging the Plaintiff, CAITLIN, across the city border and forcing her to the ground.

35. THE DEFENDANTS' actions caused the Plaintiff, CAITLIN, to suffer damages.

## FIFTH CAUSE OF ACTION – STATE LAW INDEMNIFICAITON AGAINST CITY OF MILWAUKEE

36. The Plaintiff, CAITLIN, realleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one through thirty-five (1 – 35) above with the same force and effect.

37. Pursuant to Wis. Stat. Sec. 895.46, THE DEFENDANTS are obligated to pay any tort judgment for damages for which its employees are liable for acts occurring within the scope of their employment.

38.　At all times herein, the Defendants, LARSON and JOHN DOE OFFICER, were acting under the color of state law and withing their employment with the Defendants, CITY OF MILWAUKEE and MILWAUKEE POLICE.

**WHEREFORE,** the Plaintiff, CAITLIN G. HAGNESS, hereby demands judgment against the Defendants, CITY OF MILWAUKEE, CITY OF MILWAUKEE POLICE DEPARTMENT, DESARAY LARSON, and JOHN DOE OFFICER OF THE CITY OF MILWAUKEE POLICE DEPARTMENT, jointly and severally, as follows:

   a. For compensatory damages in a monetary amount to be awarded by the judge and/or jury;
   b. For the statutory costs, disbursements, and attorney fees; and
   c. For whatever other relief the court may deem just and equitable.

**PLAINTIFF HEREBY DEMANDS THAT THE ABOVE ENTITLED ACTION BY TRIED TO A JURY OF TWELVE (12) PERSONS.**

Dated at Milwaukee, Wisconsin this 30th day of May, 2023

J. RICHARD LAW OFFICES, LLC
Attorneys for Plaintiff, Caitlin G. Hagness


//Electronically Signed by Jason S. Richard//
By: Jason S. Richard
SBN: 1032068

**POST OFFICE ADDRESS:**
jason@jrichardlaw.com
710 North Plankinton Avenue
Suite 804
Milwaukee, WI 53203
Phone: 414.232.1792